*Nov. Term,*
*1854.*

LAWRIE
v.
THE STATE.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*H. P. Biddle* and *B. W. Peters*, for the appellant.

*D. D. Pratt* and *S. C. Taber*, for the appellee.

—————•◦•———

LAWRIE v. THE STATE.

In all cases of misdemeanors, where the indictments were found prior to *May* 6, 1853, the Circuit Courts have jurisdiction.

APPEAL from the *White* Circuit Court.

*Saturday,*
*December 9.*

HOVEY, J.—At the *November* term, 1852, of the *White* Circuit Court, *Lawrie* was indicted for malicious trespass, under the seventy-first section of the second article of the fifty-third chapter of the R. S. 1843.

On the 16th day of *May*, 1853, he appeared, and moved to quash the indictment. The motion was overruled. He then pleaded not guilty, was tried by the Court by agreement, and fined 25 dollars.

*Lawrie* brings the case here on appeal, and contends that the Court of Common Pleas of *White* county had exclusive jurisdiction over the case, under s. 14, p. 18, 2 R. S. 1852, which provides that the Courts of Common Pleas shall have "original jurisdiction" in cases of misdemeanors. Original jurisdiction does not mean exclusive jurisdiction. There would be no inconsistency in any number of Courts having original jurisdiction in any class

Nov. Term,
1854.

of offences. In all cases of misdemeanors, where the indictments were found previous to the 6th day of *May,* 1853, the Circuit Courts have jurisdiction. *Lichtenstein* v. *The State, ante,* p. 162.—*Alsop* v. *The State, id.* 212. And by the third section of c. 92, 1 R. S. 1852, it is provided that "all crimes and misdemeanors committed under existing laws, shall be punished in the same manner and to the same extent as if such laws had not been repealed." The indictment having been found before the revised statutes of 1852 took effect, was saved by the foregoing section. The words "existing laws," in this section, refer to the laws in existence at the time of the passage of the act.

*R. W. Sill* and *D. Turpie,* for the appellant.

*W. Potter* and *L. Rielly,* for the state.